IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Ricky W. Bomar,<br>   Plaintiff,<br>vs.<br>Hoke, Incorporated,<br>   Defendant. | Civil Action No. 7:05-1527-GRA-BHH<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

## APPLICABLE LAW

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support his claim and would entitle him to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

## LIBERAL CONSTRUCTION OF PRO SE COMPLAINT

Plaintiff proceeds *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). This Court is charged with liberally construing a pleading filed by a pro se litigant to allow for the

development of a potentially meritorious claim. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## **FACTUAL BACKGROUND**

The precise facts, considered in a light most favorable to the plaintiff, are difficult to discern from either the Complaint or the Amended Complaint. According to the plaintiff, it appears that he was an employee working the second shift at the defendant's Spartanburg, South Carolina facility. On or about August 13, 2004, several items were found at the defendant's facility on top of the plaintiff's supervisor's office, including: pills, aspirin, sex magazines, several parts of the defendant's facility machinery, and rags. These items were discovered by employees who worked on the first shift at the facility. In his complaint, Plaintiff contends that he was not at the facility when the items were discovered. Plaintiff names several other employees who were present when the items were discovered. On August 14, 2004, Plaintiff and another employee who worked on the second shift were questioned by the facility's management about the items during a meeting with management. Plaintiff alleges that he was accused of putting the machine parts on top of the supervisor's roof.

## **ANALYSIS**

### **I.    Complaint and Amended Complaint**

In the section entitled "Statement of the Claim" on the plaintiff's original *pro se* Complaint Form, the plaintiff states:

> I was not at work, when the said items were found, pills, aspirin, sex magazines, rags on top of supervisor's office. That were discovered on 1st shift. Myself, and Waren Carson, worked 2nd shift. Ralph Evan was present at the time items were found. Richard D. Ballon, was also present when items were found. Mario Avilez work second 2nd shift. Asia N. Choey work second 2nd shift. Warren Carson work second 2nd shift, and was question about the contents while myself and Waren were the only employees to attend the meeting. August 13 - pills, aspirin, sex magazine, rags found on top of supervisor's office. 14 Waren Carson and myself had to attend meeting. Also there

2

> were parts that were found that we didn't have anything to do with. But was accused of putting them there.

(Complaint at 3.)  In the section entitled "Relief," the plaintiff made no response.  *Id.* at 5.

On July 27, 2005, the plaintiff filed a motion to Amend his Complaint because he allegedly had learned that the defendant had "called Spartanburg Occupational Health, and requested [his] drug test results."  (Pl.'s Mot. Amend Compl.)  The plaintiff stated in that motion, "I was no longer employed by them, that test was paid for out of my pocket.  I was terminated on 8-28-04.  The test was taken around 8-31-04." *Id.*

The plaintiff's motion to amend was granted.  The statement of his claim in the Amended Complaint appears as follows:

> On 8-13-04 I reported to work and was told by other co-workers, that some objects were found on top of supervisor office.  Objects being aspirin, some kind of little blue pills, parts that had already been through process, sex magazines, bunch of shop mags.  On 8-14-04, myself and Warren Carson, was called to a meeting, where we was question about the objects that was found.  Neither Warren or myself, was at work, when the objects were found.  Ralph Evans, Richard Ballon, 1st shift employees, didn't attend meeting on 8-14-04.  Asia N. Choey Mario Avilez, who works on the 2nd with Warren, and myself, didn't attend meeting.  All employees mention above was already at worked [sic] when Warren and myself reported to work.  On 8-17-04 we were forced to take a drug test, I say forced, because I were [sic] never told that I didn't have to take the test, or my option if I didn't take the test.  On 8-28-04, I took another, drug test, that I paid for myself.  It was brought to my attention that Hoke Inc, had requested, a copy of my test, I was no longer employed with them, as of 8-28-04.

(Amend. Compl. at 3.)  In the Relief section of the Amended Complaint, in which the plaintiff is asked to state exactly what he wants the court to do for him, he stated: "Found Guilty of Discrimination: I, Should be awarded a cash settlement."  (Amend. Compl. at 5.)

**II.     Discussion**

Even liberally construing the plaintiff's *pro se* allegations, the Complaint is fatally deficient.  There is no discernable claim in the plaintiff's factual recitation.  "(A) court's duty

3

to liberally construe a plaintiffs complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it." *Givens v. O'Quinn*, 121 Fed. Appx. 984, 987 (4th Cir. 2005) (quoting *Peterson v. Atlanta Hous. Auth.*,998 F.2d 904, 912 (11th Cir. 1993)). The plaintiff's factual statement actually reads more like a defense than any sort of claim against the defendant. Although the plaintiff states that he was not employed by the defendant as of August 28, 2004, it is not even clear from the Complaint whether or not the plaintiff was terminated. While the plaintiff asks that the defendant be "found guilty" of discrimination, there is actually no allegation of discrimination in the Complaint. There is nothing in the Complaint even remotely suggestive of any belief of the plaintiff that he was terminated or otherwise was the subject of an adverse employment action on account of a protected characteristic, such as age, race, national origin, or sex. Rather, the plaintiff simply argues that he has been falsely accused.

The plaintiff, however, fails to accuse the defendant of *anything*. The only real accusation is the plaintiff's allegation that the defendant has requested a drug test that the plaintiff paid for after he was no longer employed with the defendant. Such an allegation, however, even if true, would not support a claim against the defendant that would entitle the plaintiff to any form of legal relief. The Court is unaware of, and the plaintiff has not identified, any statutory or common law prohibition against the defendant requesting a drug test, even one paid for by the person who was the subject of such test. The defendant may not be entitled to the results of the test, but the request itself is not any sort of actionable offense.

Notwithstanding the deficiencies in the Amended Complaint which would unquestionably warrant a dismissal of the case, the Court believes that the plaintiff, who is proceeding *pro se*, should be afforded another opportunity to amend his Complaint. *See generally White v. White*, 886 F.2d 721, 726 (4th Cir. 1989) ("Thus, in those cases where the complaint, when construed liberally, has an arguable legal basis, notice of deficiencies

4

in the complaint raised by motions to dismiss and an opportunity to amend, must be similarly afforded to pro se plaintiffs.")  "[A] finding of a failure to state a claim does not invariably mean that the claim is without arguable [legal] merit . . ."  *Id.* (citation omitted). Said differently, simply because the plaintiff has failed to properly *articulate* a claim does not mean one does not exist.  The court believes that dismissal with prejudice, at this juncture, would be too drastic and dismissal without prejudice too inefficient.

The Court, however, does dismiss any claim based on the defendant's alleged request for the plaintiff's drug test, as no relief could be granted for such a claim even if true.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the defendant's motion to dismiss is GRANTED in part and DENIED in part.  Specifically, any claims of the plaintiff based on the defendant's alleged request for the plaintiff's drug test are DISMISSED.  It is further ORDERED that the plaintiff shall have fifteen (15) days to amend his Amended Complaint to state a claim upon which relief may be granted, otherwise his case may be dismissed.

IT IS SO ORDERED.

December 30, 2005
Greenville, South Carolina

*Bruce H. Hendricks*
BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE